IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY CHARLES ZANDER,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING ZANDER'S [1] MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**<br><br>Case No. 2:14-cv-39 DN<br><br>District Judge David Nuffer |

Petitioner Jeffrey Charles Zander ("Zander") filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion").[1] Zander requests that his conviction and sentence be vacated or that he be released and granted a new trial. Zander has also appealed his conviction and sentence to the Tenth Circuit Court of Appeals (the "Appeal").[2] Zander's Notice of Appeal has been filed, and he has recently filed his appellate brief.[3] The United States opposes Zander's Motion because it is premature and should not be decided until the Tenth Circuit's adjudication of the Appeal. After carefully considering the parties' briefs and the relevant law, Zander's Motion is DENIED.

## Discussion

As a general rule, absent extraordinary circumstances, a § 2255 motion should not be considered until appellate review has been exhausted because of the potential for conflict with

---

[1] Docket no. 1, filed January 21, 2014.

[2] Notice of Appeal, docket no. 207, filed Dec. 4, 2013 in Zander's criminal case, 2:10-cr-1088.

[3] Tenth Circuit Court of Appeals Docket # 13-4174.

the direct appeal.[4] Consideration of a § 2255 motion during an appeal may be appropriate if the issues raised in the § 2255 motion are separate and distinct from those on appeal, or if the § 2255 motion raises a substantial question about the integrity of the government's prosecution.[5]

Zander's Motion is premature and should not be considered until resolution of his Appeal.[6] Zander has failed to show that the issues raised in his Motion are completely distinct from the issues raised in his Appeal, and Zander's interpretation of alleged prosecutorial misconduct during his criminal trial does not create a substantial question about the integrity of the government's prosecution.

### Order

Based upon the foregoing,

IT IS HEREBY ORDERED that Zander's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody[7] is DENIED.

Signed June 24, 2014.

BY THE COURT:

David Nuffer
United States District Judge

---

[4] *See United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008).

[5] *See id.*

[6] *See United States v. Rangel*, 519 F.3d 1258, 1265 (10th Cir. 2008).

[7] Docket no. 1.